WOONSOCKET ASSOCIATES, INC. *vs.* ALFRED CALDARONE *et al.*

APRIL 23, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is an action of the case in assumpsit to recover money alleged to be due under a lease. It was tried in the superior court before a justice sitting without a jury and resulted in a decision for the plaintiff in the sum of $1,000 with interest thereon from the date of the writ, amounting in all to the sum of $1,190. From this decision the defendants have duly prosecuted their bill of exceptions to this court.

The facts, which are undisputed, in substance and effect show that under a written lease dated December 3, 1947 which was submitted in evidence, plaintiff leased to defendants certain premises located in the city of Woonsocket in this state for the duration of one year, the terms of payment being contained in paragraphs numbered 2 and 3 thereof; that defendants paid to plaintiff the sum of $3,600 for occupancy during the period of one year; that it was contemplated by the parties that defendants would sell Tucker automobiles, *among others;* and that the Tucker automobile was never put into production because the corporation went into bankruptcy.

The plaintiffs contend that under the *guarantee* contained in paragraph 3 of the lease, they were entitled to receive as rent the additional sum of $1,000. The defendants contend that since no Tucker automobiles were sold during the term of the lease they were obligated to pay as rent only the sum of $3,600 stipulated in paragraph 2 of the

lease and not the additional $1,000 in commissions as referred to in paragraph 3.

The trial justice held that from the language of the lease it was clear that the lessees agreed to carry on a retail automobile business with the intention of selling *for the most part* the new Tucker automobile; that the lessor did not provide for commissions on any other make of cars; that the lessees did not stipulate that if they were unable to get Tucker automobiles they would not be responsible for any commissions as provided for under paragraph 3 of the lease; and that the provisions of the lease would indicate that the lessor was attempting to get the sum of at least $4,600 per year for the use of the leased premises.

The issue before us involves the interpretation of paragraphs 2 and 3 of said lease which read as follows:

"2.  To have and to hold the same with the appurtenances unto said Lessees, their executors, administrators, successors and assigns, for and during the term of one (1) year from the third (3rd) day of December A.D. 1947 to the third (3rd) day of December A.D. 1948, yielding and paying therefor during said term the yearly rent of Thirty-Six Hundred ($3600) Dollars for each and every year during the continuance of this Lease, and in the same proportion for any less time in equal monthly payments of Three Hundred ($300) Dollars each, on the first business day of each and every month succeeding the date hereof until said rent is paid in full.

3.  It is expressly understood and agreed that the said Lessees can and will carry on a retail automobile business, consisting mainly of the sale of new 'Tucker' automobiles, and the said Lessees, for the duration of this Lease, will pay to the Lessor a commission of Twenty ($20) Dollars on the sale of each new 'Tucker' automobile, and for the first year of this Lease shall guarantee to the Lessor commissions on a minimum of fifty (50) automobiles.  The Lessor shall be entitled to a monthly accounting of the commissions due and shall

receive from the Lessees said commissions. The Lessor shall have the right to inspect the books of the Lessees at any time for the purpose of determining the amount of commissions due. The Lessees' liability, for the payment of commissions, shall be both joint and several."

We agree with the interpretation of the trial justice as to the meaning and construction of the above paragraphs of the lease. In our opinion these paragraphs must be construed together. Thus construed they provide a formula by which the parties agreed to determine the total amount to be paid for the use of the demised premises. In addition to the base rent of $3,600 as stated in paragraph 2 of the lease, both parties contemplated that an additional amount of at least $1,000 should be paid. This is clear from paragraph 3 wherein the lessees expressly guaranteed to the lessors a commission of $20 each on a minimum of fifty automobiles. Under this agreement the lessees would have been obligated to pay the lessors the sum of $1,000 as the minimum amount of commissions regardless of the number of sales of Tucker or other automobiles. Clearly the payment of such minimum commissions was not expressly limited to the sale of Tucker automobiles. While the total sum to be paid as commissions might fluctuate according to the number of automobiles sold in excess of fifty, the agreement guaranteed the payment of commissions "on a minimum of fifty" automobiles.

In our opinion the sale of Tucker automobiles, while generally contemplated by the parties, was not made the sole condition of payment of rental under the lease. We do not think it would be a reasonable interpretation of the lease to hold that if only one Tucker automobile was sold the lessees would be obligated to pay the *guarantee* of $1,000, but if none were actually sold, whether or not delivered to the lessees, that they would be excused from any payment whatsoever under the terms of the guarantee.

No such provision was incorporated in the lease. Both parties clearly contemplated that under the language of this guarantee the sum of $1,000 as a minimum, regardless of sales, would be paid in addition to the base rent stipulated in the lease for the use of the demised premises.

The defendants' exception is overruled, and the case is remitted to the superior court for entry of judgment for the plaintiff on the decision.

*Curran & Friedman, Charles A. Curran,* for plaintiff.

*Herman D. Ferrara, Anthony A. Giannini,* for defendants.